## THOMAS O'DONNELL v. AMELIA BRAY.

*Husband and wife—Joint and several note—Liability of wife*

1. The mere fact that a wife is the legal owner of a farm, upon which she resides with her husband and family, and which she allows him to use as a means of obtaining a livelihood for himself and family, will not make her liable upon their promissory note given to an employé, who hired to the husband, and worked upon said farm, and upon another piece of land owned by another party, but worked by the husband, for the balance due the employé for such labor.[1]

---

[1] For cases holding a married woman liable on her promissory note, see:

1. *Emery v. Lord*, 26 Mich. 431, 433, holding, in a suit upon a note given by a married woman for the balance due for lumber and other materials used in building a barn upon her land, the credit for which was given to her husband, with whom the plaintiff dealt, from whom he received the payments made on the account, and to whom he agreed to give further time for the payment of the balance due if the defendant would give her note for it, that "if the balance of the account for which the note was given was equitably due from the wife, and if, as between her and her husband and the plaintiff, there was an equitable obligation on her part,—as if the materials furnished by the plaintiff were thus used in improving her property without her having paid or become bound to pay to the husband or any one else for them, or if the husband, as between him and his wife, was acting only as her agent,—then, whether the note was given in extinguishment of or only as security for the indebtedness, and though the credit might originally have been given to the husband, there was a good and valuable consideration for the note, and she would be bound."

2. *Gillam v. Boynton*, 36 Mich. 236, holding a wife, who is engaged in business for herself, liable upon her note given in payment for a safe, which her husband had purchased on credit and returned to the vendors, who, while owning it, sold it to her in

2. A wife, by allowing her husband to pay a portion of his indebtedness with her money, does not thereby make herself liable to pay the remainder of the debt.

Error to Genesee. (Newton, J.) Argued March 9, 1894. Decided March 27, 1894.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Wisner, Lee & Aitken,* for appellant.

*Everett L. Bray,* for defendant.

HOOKER, J. The plaintiff brought his action against the defendant, in justice's court, upon a promissory note signed by herself and husband. She defends upon the ground that the consideration for the note was services

her own right and on her sole credit, and accepted the note in payment.

For cases holding a married woman *not* liable on her promissory note, see:

1. *De Vries v. Conklin,* 22 Mich. 255, 258 (approved in *Ross v. Walker,* 31 Id. 120), holding a wife not personally liable on a promissory note which she signed as surety for her husband, the sole consideration being his pre-existing debt.

2. *Johnson v. Sutherland,* 39 Mich. 579, 580, holding that where a married woman's note states upon its face that it is given for money loaned, thus bringing it within her capacity to contract, the consideration named becomes a part of the contract, and it cannot be so varied by parol as to show another consideration; and, where it appears from the evidence that there was no loan whatever, there can be no recovery.

3. *Russel v. Bank,* 39 Mich. 671, holding a married woman not liable upon her indorsement of a note held by her, and delivered to the payee in the note of a corporation of which she is a stockholder, as collateral security to the corporate note.

4. *Insurance Co. v. McClellan,* 43 Mich. 564, holding that no cause of action is made out in a suit upon a promissory note made by a married woman to a creditor of a firm of which her son is a member, and delivered to him to use as security for said debt, it appearing that the son delivered the note to an agent of the creditor, and received from him, without the knowledge or authority of his mother, an assignment to her from the creditor of the debt, which had been executed and was in the agent's hands.

5. *Reed v. Buys,* 44 Mich. 80, 82, holding a wife not liable upon the joint note of herself and husband, given for his debt, in consideration of his conveyance to her of land, to which transaction the payee was a stranger.

rendered under a contract between plaintiff and her husband. The court directed a verdict for the defendant, and the only question here is whether there was any evidence improperly admitted or excluded to the injury of the plaintiff.

The facts are substantially as follows. The defendant was the legal owner of a farm, upon which she resided with her husband and family. The husband worked the place, but under no lease or arrangement with his wife, unless one is to be inferred from her statement that she was satisfied to let him manage the farm so long as he supported the family. The plaintiff hired to the husband, and worked upon the farm, and upon another parcel of land near by, owned by a Mrs. Johnson, but worked by Bray. He was paid $100 upon his work, receiving from

6. *Richards v. Proper*, 44 Mich. 96, holding that a surety who has paid a note given by a married woman for the pre-existing debt of her husband cannot recover from her the amount paid, on the sole ground of the receipt by her, several years before she gave the note, of a conveyance of land from her husband.

7. *Buhler v. Jennings*, 49 Mich. 538, holding a wife not liable upon her note given in renewal of a note made by her husband for his own purpose, and which she signed without consideration; and that her oral repetitions of the promise, or oral declarations of the goodness of the note, however numerous, did not make her liable thereon.

8. *Schlatterer v. Nickodemus*, 51 Mich. 626, holding that where, in a suit upon a promissory note given by a husband and wife for the amount of a justice's judgment theretofore rendered against both, the evidence fails to show that there was ever any agreement with the wife that the note should be given in settlement of the judgment, or that she was apprised of any such purpose in making it, but, on the contrary, shows that she signed the note with her husband because he requested her to do so, and without knowing the use to be made of it, the note is not shown to be of any validity as against the wife.

9. *Fechheimer v. Peirce*, 70 Mich. 440, holding that where the application of a husband for a loan on his own note, with his wife as surety, is refused, but he is informed by the proposed lender that he will make the loan to the wife with the husband as surety, and the husband afterwards presents a note so signed, and receives a check for the amount of the loan, payable to the order of his wife, and the check is paid on her indorsement, but the evidence shows that the wife had no knowledge that the loan was made on any one's account but her husband's, and that she never authorized him to act on her behalf in borrowing the money, no recovery can be had upon the note as against the wife.

the husband a check upon a bank, signed "Amelia Bray, per B. B." The defendant is not shown to have known anything about this payment. Afterwards, plaintiff and Bray settled, and Bray gave plaintiff the note in question, taking a receipt in full as follows:

"Received of B. Bray his note for $177.70, in full for all demands against him up to date.
"December 15, 1890.            THOMAS O'DONNELL."

Several questions were asked, and answers properly excluded, as it was clear that the answers sought were conclusions which the jury, only, could be permitted to draw. It is unnecessary to discuss them at length, and we pass them with the remark that we find no error in these rulings.

The evidence in the case seems to go no further than

10. *Littlefield v. Dingwall*, 71 Mich. 223, holding a wife, whose only interest in her husband's business is that of a creditor for money put into the business, not liable on their joint note given in payment of a debt due from the husband to the payee, and to secure a loan used in payment of other debts of the husband.

11. *Shipman v. Campbell*, 79 Mich. 82, holding that the indorsement by a wife of notes made payable to her at the request of her husband, and given by a purchaser to apply on the purchase of a house and lot, owned by the husband and wife jointly, under a contract signed by the husband alone, which notes were discounted, and the money received by the husband and wife or by one of them, creates no liability on her part to repay the money to the purchaser, who has paid the notes.

12. *Schmidt v. Spencer*, 87 Mich. 121, holding that a note given. by a husband and wife, for a loan made and used for his benefit, is void as to the wife, in the absence of representations by her that it is made for her use and benefit, and that it is immaterial to which one the money is paid, or that the husband applies for the loan as her agent.

13. *Chamberlain v. Murrin*, 92 Mich. 361, holding a married woman not liable upon her note given in part payment for liquors purchased for and used in a saloon business owned solely by her husband, or by the two jointly, unless the plaintiff shows an agreement upon her part to pay for the liquors, and his belief that she was the sole owner of the business when he sold and delivered the liquors, formed from her acts or declarations which gave him reasonable cause for such belief, and that he looked to her alone for payment.

For cases involving the liability of a wife upon general contracts entered into jointly with her husband, see *Arthur v. Caverly*, 98 Mich. 82, and note.

to show that the defendant allowed her husband to use the farm as a means of obtaining a livelihood for himself and family; and, unless we are to say that the fact of her ownership is to make her liable for work upon the farm, the debt was not hers. Not an act or statement of hers is shown which tends to prove that the farm was being worked by or for her, and, while the $100 check was drawn in her name, there is nothing to show that she authorized it; and, if she did so, it may have been as an accommodation to her husband. If she chose to allow him to pay $100 of her money upon his indebtedness, she does not thereby make herself liable to pay more. The debt being one of the husband, her promise was not a binding one.

The judgment of the circuit court must be affirmed.

The other Justices concurred.